## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JUDY CARMEN MULKEY**,

     **Plaintiff,**

v.                                 **Case No. 1:11-cv-370 MCA/WDS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

     **Defendant.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25], filed June 25, 2012 (PFRD) and on Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 26], filed June 20, 2012 (Objections). The Court having made a *de novo* review of the PFRD, the Objections, the record, and the relevant law: (1) **OVERRULES** the Objections; (2) **ADOPTS** the Magistrate Judge's Proposed Findings and Recommended Disposition; and (3) **DENIES** the Motion to Reverse and Remand for a Rehearing [Doc. 20].

## I.    BACKGROUND

Plaintiff Judy Carmen Mulkey filed applications for Social Security Disability Insurance Benefits and Supplemental Security income on April 6, 2005, alleging that she has been disabled since December 24, 2004. Tr. 11, 51–55. The Administrative Law Judge (ALJ) concluded that Plaintiff was not disabled and the Appeals Council denied Plaintiff's request for review. Tr. 3–5,

8–18. Plaintiff sought review in federal court and The Honorable Robert H. Scott ordered the case remanded to the Commissioner for additional proceedings.[1]

Upon remand, a different ALJ conducted additional proceedings and again denied benefits. Plaintiff filed the above-captioned lawsuit, seeking federal review of the remand proceedings, and moved to remand the case for another rehearing.  [Doc. 20.]  The Court referred the matter to the Magistrate Judge. [Doc. 6.]  The Magistrate Judge issued a PFRD recommending Plaintiff's motion be denied.  [Doc. 25.]  Plaintiff filed timely objections.  [Doc. 26.]

## II.    STANDARD OF REVIEW

The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.    DISCUSSION

Plaintiff alleges three general categories of error:  (1) treating source error; (2) residual functional capacity (RFC) error; and (3) credibility determination error.  The Court addresses below the objections associated with each category of error.

### A.    Treating Source error

The ALJ who conducted the remand proceedings rejected the opinion of one of Plaintiff's counselors, Regina Laselute, and a clinical supervisor Ken Wells.  The Laselute-Wells opinion is a check-the-box "Medical Source Statement of Ability to Do Work-Related Activities" completed

---

[1]*Mulkey v. Astrue*, 1:08-cv-1039 RHS, Doc. 20.

2

by Laselute and Wells in November 2007.  It states Plaintiff has marked limitations in:  (1) ability

to carry out detailed instructions; (2) ability to make judgments on simple work-related decisions;

and (3) responding appropriately to work pressures in a usual work setting.  Tr. 261–63.

The Magistrate Judge concluded the ALJ did not err in declining to give the Laselute-Wells

opinion controlling weight.  Plaintiff has seven objections related to this issue.

Plaintiff's first objection is that the Magistrate Judge did not analyze the treating source

issue.  The objection is overruled.  By claiming the Magistrate Judge "merely quoted two sentences

from the ALJ's decision," Plaintiff mischaracterizes the Magistrate Judge's recommendation.  In his

analysis, the Magistrate Judge identified and quoted the specific portions of the Laselute-Wells

opinion that the ALJ rejected, described and evaluated the ALJ's reasons for rejecting the opinion,

and considered and rejected Plaintiff's arguments that the ALJ's reasons were inadequate.  [Doc.

25 at 6–10.]

The Magistrate Judge did not err in concluding that substantial evidence exists to support

the ALJ's decision to reject the Laselute-Wells opinion.  Neither Laselute nor Wells is a physician.

[Doc. 7, n.3.]  Laselute, a mental health counselor, is not an "acceptable medical source."  She

therefore does not qualify as a "treating source" whose opinion could be entitled to controlling

weight.  *See Bowman v. Astrue*, 511 F.3d 1270, 1275 n.2 (10th Cir. 2008).  There is no indication

of the extent of Wells' treatment relationship with Plaintiff, if any, and he has not been established

as a treating source.

An opinion from a medical source who is not an "acceptable medical source" may in some

circumstances outweigh the opinion of an "acceptable medical source," including the opinion of a

treating source.  SSR 06-03P, 2006 WL 2329939.  In this case, however, the ALJ found the

3

Laselute-Wells opinion that Plaintiff has marked limitations inconsistent with the evidence. There is substantial evidence to support the ALJ's conclusion, including a February 2010 report from Dr. Bigney—an "acceptable medical source" who is also a treating physician—that Plaintiff's condition is "well-managed." [Tr. 310.] Furthermore, Dr. Bigney is not the only treating source to report that Plaintiff was doing well. [Tr. 500 (Dr. Ramos - 11/16/2007 - depression and night terrors "doing quite well"); Tr. 476–77 (Dr. Taylor - 1/8/2009 - "Overall the patient states that she is doing pretty well"; regarding posttraumatic stress disorder Plaintiff is "doing relatively well from this angle"); Tr. 467 (Dr. Taylor - 3/5/2009 - Plaintiff is handling stressor "quite well" and "doing well" on psychosocial axes and on axes of posttraumatic stress disorder and alcohol dependence); Tr. 463 (Dr. Fowler - 9/21/2009 - Plaintiff "denies depression" and "feels her depression is well managed); Tr. 445 (Dr. Fowler - 2/22/2010 - depression is "well managed").] Considering the numerous positive reports from acceptable medical sources regarding Plaintiff's condition, the Court concludes there is substantial evidence to support the ALJ's conclusion that the Laselute-Wells opinion is inconsistent with the record.

Plaintiff's second objection is that mental impairments "wax and wane" over time and thus comments by Dr. Bigney regarding her condition in 2010 are irrelevant to her condition in 2004. Plaintiff's objection suggests that it was error for the ALJ to rely on evidence from February 2010 when her alleged onset date is December 2004. The objection is overruled. Plaintiff's claim is one of ongoing disability. She alleged disability at hearings in October 2007 and December 2010, both before and after the February 2010 assessment by her treating physician Dr. Bigney that Plaintiff's condition was "well-managed." Dr. Bigney's assessment is therefore relevant to the disability determination.

4

Plaintiff's third objection is that the "Magistrate Judge did not address in a meaningful way Ms. Mulkey's claim that the ALJ was required to take the comments that she was 'doing well' in context." [Doc. 26 at 2, 4.]. She states that the comments [of Dr. Bigney] "were made in the context of Ms. Mulkey's consistent reports of depression and anxiety, and suggestions that she seek psychiatric help." [Id.]

The objection is overruled. In determining that Plaintiff is not disabled, the ALJ was required to evaluate all the medical evidence, including evidence that Plaintiff was "doing well,"worked at various jobs, and was periodically symptom-free. *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) (requiring ALJ to "consider all relevant medical evidence of record in reaching a conclusion as to disability").

The objection is also overruled to the extent Plaintiff claims that the ALJ selectively relied on evidence that was unfavorable to her claim. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."). The ALJ did not rely only on unfavorable evidence. The ALJ acknowledged evidence favorable to Plaintiff's claim, including a history of alcohol dependence, depressive symptoms, anxiety symptoms, and physical ailments. Tr. 310. The ALJ noted that despite these ailments, treatment for Plaintiff's depression was "availing and effective." [Tr. 309.] Plaintiff's alleged impairments of alcohol dependence and depression have not prevented her from attending school and engaging in employment; to the contrary, the ALJ concluded that Plaintiff is "successfully managing and coping with the stressors of work activity and educational achievement." [Tr. 309–10.]

As the Magistrate Judge observed, the ALJ in fact rejected unfavorable evidence from counselor Laselute—the very source whose opinions Plaintiff argues should have been afforded weight. Laselute expressed the opinion that Plaintiff has no restrictions interacting with the public [Tr. 262], an opinion which directly contradicts Plaintiff's testimony that difficulty dealing with other people is her primary obstacle to working. [Tr. 531.] By assessing Plaintiff with moderate difficulties in social functioning, the ALJ discredited Laselute's opinion in Plaintiff's favor. In light of the substantial evidence that is inconsistent with the Wells-Laselute opinion, the ALJ did not err in rejecting it.

Plaintiff's fourth objection is that the Magistrate Judge erred by not analyzing a set of treatment notes of her individual and group therapy sessions with Laselute spanning the period between January 4, 2007 to July 25, 2008. [Doc. 26 at 2.] Plaintiff's argument in this regard is undeveloped. She does not explain why it was error to omit a discussion of the treatment notes.

Upon independent review, the Court concludes the Magistrate Judge did not err by omitting a discussion of the treatment notes. The treatment notes do not constitute a medical opinion because Laselute is not an acceptable medical source. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Many of the notes are illegible to the Court, but to the extent they are legible, they reflect Laselute's observations regarding Plaintiff—they do not indicate prognoses, nor do they provide any opinions as to what Plaintiff can do despite her impairments. They indicate that Plaintiff experienced feelings of anxiety, guilt, and hopelessness, was at moderate risk for

relapse, avoided social situations, had family relationship issues, and felt that therapy was helping. [Tr. 507–17.]

Plaintiff's fifth objection is that it was error for the ALJ to use Ms. Blue-Sky-Rey's opinion as evidence that Plaintiff can perform simple tasks because it is contrary to the Wells-Laselute opinion. Ms. Blue-Sky-Rey is an intern at the Central New Mexico Community College Health Center who saw Plaintiff for an initial intake evaluation in June 2012. [Tr. 433–39.] Because the Court concludes the ALJ did not err by rejecting the Laselute-Wells opinion, the Court also overrules the objection that it was error for the ALJ to rely on opinions that are inconsistent with the Laselute-Wells opinion. The ALJ's conclusion that Plaintiff can perform simple tasks is consistent not just with Ms. Blue-Sky-Rey's assessment, but with the record as a whole. Since her alleged onset date, Plaintiff has attended school full time pursuing a degree in hotel management, and worked as a seamstress and entering data in the job center at the community college.

Plaintiff's sixth objection is that the Magistrate Judge erred by failing to discuss *Langley v. Barnhart* and *Hamlin v. Barnhart*. This objection is overruled. *Langley* and *Hamlin* are cases that set forth what has come to be known as the treating physician rule. *Langley v. Barnhart*, 373 F.3d 1116, 119 (10th Cir. 2004) (citing *Watkins v. Barnhart* 350 F.3d 1297, 1300 (10th Cir. 2003)); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (setting forth sequential process for analyzing treating physician opinions). Neither Laselute nor Wells is a treating physician and Plaintiff does not explain how these two cases are applicable or alter the outcome here.

Plaintiff's seventh objection is that the Magistrate Judge did not cite to *Robinson v. Barnhart* or *Roberts v. Callahan*. According to Plaintiff, these two cases support her position that she is nevertheless disabled even though she has symptom-free intervals and her impairments are well-

managed.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (treating physician's

notes indicating "claimant was stable on medication"do not necessarily indicate that the physician

believes the claimant is "sufficiently stable to return to work even when on medication"); *Roberts*

*v. Callahan*, 971 F.Supp. 498, 501 (D.N.M. 1997) (holding that ALJ erred by failing to consider

likelihood, frequency, and severity of relapses in claimant's mental illness).

  The objection is overruled.  The possibility of drawing two inconsistent conclusions from

the evidence does not prevent an agency's findings from being supported by substantial evidence.

*Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (citation omitted).  Plaintiff's suggestion that

the Court compare evidence that her condition is well-managed to other evidence that she suffers

anxiety and depression is—contrary to her argument—an invitation to re-weigh the evidence.  The

Court's role is not to weigh evidence or substitute its judgment for the Commissioner's, and the

Magistrate Judge correctly declined to do so.

  **B.**  **RFC Error**

  Plaintiff argues that the RFC fails to account for her moderate impairment in concentration,

persistence, and pace.  According to Plaintiff, *Frantz v. Astrue* requires reversal.  The Magistrate

Judge concluded that *Frantz* does not require remand and that the RFC adequately addresses

Plaintiff's impairment.  The Court agrees and overrules the objection.

  Plaintiff's argument for reversal is based on a footnote in *Frantz* which states:

> Interestingly, the ALJ did find that [Plaintiff] has "moderate difficulties in maintaining social functioning" and "moderate difficulties in concentration, persistence and pace" when he considered whether her impairments met a listing at step three.  He did not, however, include these moderate limitations in his later RFC determination, an inconsistency that should be addressed on remand.

*Frantz v. Astrue*, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007).

In this case, there is no inconsistency between the moderate limitations the ALJ found at step three and the RFC she assigned at step four. The ALJ accounted for Plaintiff's moderate limitations in both social functioning and in concentration, persistence, and pace by assigning an RFC with nonexertional limitations to "some detailed but no complex work task" and the additional limitation "that claimant should not work in a public environment and have only a superficial contact with coworkers."

Plaintiff argues that there are a number of circuits that have rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical to simple, routine tasks or unskilled work. The objection is overruled. These same circuits also hold that

> when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (collecting cases) (citations omitted).

Both circumstances are present here. First, the evidence indicates that Plaintiff attends work and school despite limitations in concentration, persistence, and pace. Second, the additional limitation to nonpublic work environments and only superficial contact with co-workers implicitly accounts for the detrimental effect that social interaction has on Plaintiff's ability to concentrate and maintain pace. As the Magistrate Judge concluded, "Plaintiff's ability to concentrate is impaired by social interaction" and her primary obstacle to working is dealing with other people. [Doc. 25 at 11.] "By assigning an RFC that limits Plaintiff to working in a nonpublic environment with only

superficial contact with coworkers, and on tasks that are not complex, the ALJ addressed the combined effect of both moderate impairments, as well the effects of stress on Plaintiff's ability to respond to work pressure." [Id.]

### C.   Credibility determination

Plaintiff objects to the Magistrate Judge's finding that the ALJ's determination that her complaints of disabling depression are not credible is supported by substantial evidence. The objection is overruled.

The ALJ's credibility determinations will not be disturbed provided they are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted). The ALJ's credibility determination in this case is closely and affirmatively linked to substantial evidence in the record; namely, a February 22, 2010 report by Dr. Fowler that Plaintiff's depression was well-managed on a treatment regimen of therapy and medication. [Tr. 445.]

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly relied on her "limited and unsuccessful work attempts as evidence that she has the RFC to perform sustained work." [Doc. 26 at 7.] The objection is overruled. It is entirely proper for the ALJ to consider Plaintiff's work efforts, even if limited, in determining if she is disabled. While attempts to work do not mean a claimant is not disabled, they also do not mean that she *is* disabled. *See Eden v. Barnhart*, 109 F. App'x 311, 315 (10th Cir. 2004) (claimant's ability to work despite impairments suggests claimant is not disabled). Furthermore, contrary to Plaintiff's argument, the ALJ did not simply "translate" Plaintiff's work attempts into a finding that she is not disabled. The ALJ went

through the sequential five-step evaluation process, considering the evidence of record, both favorable and unfavorable, including Plaintiff's work history.

Plaintiff relies on *Jozefowicz v. Heckler* but the Magistrate Judge explained why it is not applicable.  In *Jozefowicz*, the ALJ was silent on the subject of substantial gainful activity, leaving the Court of Appeals to determine whether there was substantial evidence in the record to support an implicit finding that the claimant had engaged in substantial gainful activity.  *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987).  Despite the claimant's attempts to work, substantial evidence was lacking because her productivity and earnings were meager compared to the time and energy expended.  *Jozefowicz*, 811 F.2d at 1357 (holding that an impaired claimant who attempts to work at what could be construed as substantial gainful employment does not demonstrate that a claimant successfully does so and is not disabled).  In this case, by contrast, not only did the ALJ explicitly find that Plaintiff had *not* engaged in substantial gainful activity, but she also found that Plaintiff's earnings from her work efforts were significant even though they did not meet the threshold for substantial gainful activity.

IT IS THEREFORE ORDERED:

1.      Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. # 25) [Doc. 26], filed June 20, 2012, are **OVERRULED**;

2.      The Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25], filed June 6, 2012, is **ADOPTED**; and

3.      Plaintiff's Motion to Reverse and Remand for a Rehearing [Doc. 20], filed October 14, 2011, is **DENIED**.

**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**